## **CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS**

This Confidential Settlement Agreement and Release of all Claims ("Agreement") is a legally binding agreement between Jim Akasala ("Plaintiff") and Wells Fargo Bank, N.A., for itself, its subsidiaries and related entities, and all of its predecessors (including Wachovia Bank, N.A. and Wachovia Corporation), successors, assigns, trustees, officers, directors, insurers, fiduciaries, agents, attorneys, and employees (jointly, "Wells Fargo") (collectively, "the Parties").

Plaintiff initiated and/or was a party in two lawsuits against Wells Fargo in the United States District Court, Southern District of New York, styled and numbered, *Fernandez, et al. v. Wells Fargo Bank, N.A., et al.*, C.A. No. 12-CV-07193, and *Scutts, et al. v. Wachovia Corporation, et al.*, C.A. No. 12-CV-07194 (the "Lawsuits"). In the Lawsuits, Plaintiff and other former Wells Fargo employees claim they are entitled to back pay, liquidated damages, and attorneys' fees for alleged violations of the Fair Labor Standards Act, New York Labor Law, the New York Codes, Rules and Regulations, and/or Employee Income Retirement Security Act.

Wells Fargo expressly denies Plaintiff's claims. Wells Fargo also denies that it may be liable to him on any grounds arising out of his employment relationship with Wells Fargo. Plaintiff and Wells Fargo desire to avoid protracted and expensive litigation to resolve any and all disputes that they have or may have.

In consideration of the provisions of this Agreement, Plaintiff and Wells Fargo do mutually agree and do hereby fully and finally settle the Lawsuits as follows:

1. <u>Global Settlement of Claims and Payment for Alleged Attorneys' Fees and Costs</u>. The Parties to this Agreement and the other plaintiffs in the Lawsuits (who have also executed individual settlement agreements with Wells Fargo) have agreed to settle all of their claims

against Wells Fargo collectively for four hundred twenty-five thousand dollars and zero cents ($425,000.00). As part of this global settlement, Wells Fargo will issue one check to Plaintiff's attorneys made out to "Wills Law Firm, PLLC" (tax identification number 45-5091782), in the amount of two hundred thirty-five thousand dollars and zero cents ($235,000.00), representing alleged attorneys' fees and case expenses for work related to Plaintiff's claims and the claims in the Lawsuits. Wells Fargo will issue a Form 1099 to "Wills Law Firm. PLLC" for this amount.

2. <u>Payment to Plaintiff</u>. From the Global Settlement, Wells Fargo will pay to Jim Akasala the total sum of thirty-six thousand, five hundred seventy dollars and forty-seven ($36,570.47), to be distributed as follows:

    a. <u>Payment For Alleged Overtime Wages to Jim Akasala</u>. Wells Fargo will issue a check to Jim Akasala (social security number xxx-xx-2530) in the amount of eighteen thousand, two hundred eighty-five dollars and twenty-four cents ($18,285.24) **(less applicable payroll withholdings and taxes)**, representing his claim for overtime wages. Wells Fargo will also issue a Form W-2 to Jim Akasala for this amount.

    b. <u>Payment For Alleged Liquidated Damages to Jim Akasala</u>. Wells Fargo will issue a check to Jim Akasala in the amount of eighteen thousand, two hundred eighty-five dollars and twenty-three cents ($18,285.23), representing his claim for liquidated damages. Wells Fargo will issue a Form 1099 to Jim Akasala for this amount.

3. <u>Timing of Payment</u>. The aforementioned checks will be issued no later than 21 days after the Courts overseeing both Lawsuits approve this Agreement and enter an order dismissing the Lawsuits, but Wells Fargo will endeavor to issue the checks within 14 days after the Courts' approval and dismissal. The Parties expressly agree that payment by Wells Fargo is contingent

upon the approval of the terms and conditions of this Agreement by the Courts overseeing both Lawsuits.

4.  **Indemnification.**  This Agreement constitutes a full and complete settlement of all of Plaintiff's claims against Wells Fargo.  Neither Wells Fargo nor its agents make any representations or warranties to Plaintiff regarding the tax treatment or consequences of the payments made to Plaintiff under the provisions of this Agreement.  Plaintiff agrees to indemnify and hold Wells Fargo harmless from any and all liens, actions, or claims on the part of the Internal Revenue Service or any other tax authority with respect to Plaintiff's own liability with regard to the payments described in this Agreement.  This indemnity and hold harmless agreement will apply to the full amount of any such liens, actions, or claims and any expenses incurred in connection with them.

5.  **Plaintiff Releases All Claims.**  In exchange for the payments and other consideration described in this Agreement, Plaintiff agrees for himself, his predecessors, successors and anyone claiming through or under him to forever release and discharge Wells Fargo, its parent and its predecessors, successors and assigns, all parent, subsidiary, related companies, and all past, present and future officers, directors, agents and employees from any and all claims that Plaintiff now has, whether or not he currently knows about said claims, including, without limitation, all claims arising out of or relating to his employment with Wells Fargo to the date of this Agreement, including, but not limited to, breach of contract, violation of any federal, state or local civil rights, compensation, or other law, including but not limited to the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866 and 1871, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, New York Labor Law, the New York Codes, Rules and

Regulations, the Employee Income Retirement Security Act, defamation, wrongful termination of employment, intentional or negligent infliction of emotional distress, negligence, and any of his claims for unlawful employment or compensation practices, and all claims for attorneys' fees or costs. Plaintiff agrees he will not bring any lawsuits or make any other demands against Wells Fargo relating to the claims that he have hereby released, except as necessary to enforce this Agreement. Plaintiff agrees that the payment set forth in paragraphs 1 and 2 shall constitute full payment of any such disputed wages, compensation, final compensation, or other benefits.

6. Full Confidentiality. **Plaintiff agrees to treat the terms of this Agreement as strictly confidential.** This means that Plaintiff will not, unless required by law to do so, reveal the **terms** of this Agreement to any person except immediate family members (including spouse, if applicable), attorney, other professional advisors (including tax advisors) to whom the disclosure is necessary for the rendering of professional services or taxing authorities. If asked about the lawsuits by persons other than as noted above, Plaintiff will say only that "the matter has been resolved." The Parties further agree that if the Courts in either Lawsuit require public disclosure of the terms of the settlement agreement, including, without limitation, the amount of any settlement payments, Wells Fargo will have the right to revoke this Agreement.

7. Non-Disparagement. Plaintiff agrees not to express any derogatory or damaging statements about Wells Fargo, the management of Wells Fargo, or the business condition of Wells Fargo in any public way or to anyone who could make these statements public.

8. Approval of Agreement by the Courts and Dismissal Of Lawsuits. The Parties shall file with the Court overseeing the Lawsuits a joint motion for approval of this settlement and entry of an order of dismissal. As set forth in Paragraph 6, the motion for approval of the settlement shall not disclose any of the terms and conditions of this Agreement in any public filing. The terms

and conditions of this Agreement shall not be filed in the Lawsuits, but shall instead be presented to the Courts for review *in camera*. In resolving Plaintiff's claims, if a judgment is required by either party, or the Court, the parties agree to stipulate to any judgment that gives effect to the terms of this Agreement.

9. <u>Non-Admission</u>. Plaintiff and Wells Fargo recognize and agree that this Agreement does not constitute an admission by Wells Fargo, its officers or employees of any violation of any principle of common law or any federal, state, or local statute, regulation, or ordinance.

10. <u>Invalidity</u>. In one or more of the provisions of this Agreement should be deemed invalid, illegal, or unenforceable, in any respect, the validity, legality and enforceability of the remaining provisions will be unaffected. If Plaintiff alleges that this release, waiver, or agreement is invalid, illegal, or unenforceable in whole or in part through any action initiated by Plaintiff, or if Plaintiff initiates, conducts, encourages, or participates in proceedings or litigation seeking relief or recovery for himself (either collectively or independently) based on any of the released claims and causes of action, Wells Fargo's obligations under this Agreement shall be nullified.

11. <u>Assignment</u>. This Agreement is not assignable, in whole or in part, by Plaintiff.

12. <u>Governing Law</u>. This Agreement will be construed and enforced in accordance with the laws of the State of Texas. The prevailing party in any action to enforce this agreement will be entitled to recover attorneys' fees and costs.

13. <u>Voluntary and Knowing Actions</u>. Plaintiff and Wells Fargo represent and agree that Plaintiff has had the opportunity to be represented by his own legal counsel, that he has thoroughly read and understands the terms of this Agreement, and he is voluntarily entering into this Agreement to resolve his claims against Wells Fargo.

14. <u>Ownership Of Claims</u>. Plaintiff represents that he has not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim described in this Agreement. Plaintiff further agrees to indemnify and hold harmless Wells Fargo against any and all claims based upon, arising out of, or in any way connected with any such actual or purported transfer or assignment.

15. <u>No Reinstatement</u>. Plaintiff specifically waives any right he may have to reinstatement and/or re-employment by Wells Fargo and agrees never to seek or accept re-employment or future employment with Wells Fargo or any of its related or affiliated offices, entities, divisions or companies, or any Wells Fargo company or subsidiary. Plaintiff agrees that should he apply or be hired in the future, this paragraph of the Agreement is sufficient legal grounds for denying employment and/or termination of employment.

16. <u>Entire Settlement Agreement.</u> This Agreement sets forth the entire agreement between Plaintiff and Wells Fargo and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with their decision to sign this Agreement, except for those set forth in this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement and Release of All Claims on the respective date set forth below.

DATED: 1/15/14

_____
Jim Akasala, Plaintiff

DATED: 1/15/14

WELLS FARGO BANK, N.A.

By: Tim Watson

Its: Attorney, signing on behalf of Wells Fargo

ACKNOWLEDGMENT OF ATTORNEYS:

Except as necessary to enforce this Agreement, the undersigned acknowledge and agree that they will keep the terms and amount of this Agreement as strictly confidential. This means that they will not, unless required by law to do so, reveal the terms of this Agreement to any person except immediate family members (including spouse), business partners and staff, attorney or other professional advisors (including tax advisors) to whom disclosure is necessary for the rendering of financial advice and/or professional services.

AGREED:

_____
Rhonda H. Wills
WILLS LAW FIRM, PLLC

Date: January___, 2014

AGREED:

_____
John M. Padilla
PADILLA, RODRIGUEZ & DE LA GARZA, LLP

Date: January___, 2014

AGREED:

_____
Michael DiChiara
KRAKOWER DICHIARA LLC

Date: January 16, 2014